IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Valley Wholesale Drug Company, Inc.<br>1401 W. Fremont Street<br>Stockton, California 95203-2627,<br>individually and on behalf of all<br>others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>Warner Chilcott Holdings Company III, Ltd.<br>100 Enterprise Drive<br>Rockaway, New Jersey 07866,<br><br>Warner Chilcott Corporation<br>100 Enterprise Drive<br>Rockaway, New Jersey 07866,<br><br>Warner Chilcott (US) Inc.<br>100 Enterprise Drive<br>Rockaway, New Jersey 07866,<br><br>Galen (Chemicals), Ltd.<br>Unit 4 Burton Hall Pk<br>Sandyford Industrial Estate<br>Foxrock, Ireland,<br><br>and<br><br>Barr Pharmaceuticals, Inc.<br>2 Quaker Road<br>Box 2900<br>Pomona, New York  10970,<br><br>Defendants. | Civil Action No. 1:05CV02321<br>Judge Colleen Kollar-Kotelly<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANT WARNER CHILCOTT'S
ANSWER TO CLASS ACTION COMPLAINT**

Defendants Warner Chilcott Holdings Company III, Ltd., Warner Chilcott

Corporation, Warner Chilcott (US) Inc., and Galen (Chemicals), Ltd. (collectively, "Warner

1

Chilcott") answer the allegations of Valley Wholesale Drug Company, Inc. ("Plaintiff") in its

Class Action Complaint ("Complaint") as follows:

## PLAINTIFF'S ALLEGATION

1.     This antitrust class action is brought under Sections 4 and 16 of the Clayton Act, 15 U.S.C. §§ 15 and 26, to obtain injunctive relief, treble damages and costs of suits for the injuries sustained by Plaintiff and similarly situated class members as a result of Defendants' violations of Section 1 of the Sherman Act, as alleged herein. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1337(a) and 15 U.S.C. § 15.

## ANSWER

The first sentence of Paragraph 1 of the Complaint is a description of Plaintiff's

claims to which no response is required.  To the extent a response is required, Warner Chilcott

denies that it has engaged in any activity in violation of Section 1 of the Sherman Act, and

further denies that Plaintiff is entitled to any relief whatsoever.  The second sentence of

Paragraph 1 of the Complaint contains legal conclusions to which no response is required.  To

the extent a response is required, Warner Chilcott denies knowledge or information sufficient to

form a belief as to the truth of each and every allegation contained in the second sentence of

Paragraph 1 of the Complaint.

## PLAINTIFF'S ALLEGATION

2.     Venue is proper in this judicial district pursuant to 15 U.S.C. § 22 and 28 U.S.C. § 1391(b) and (c). Defendants named herein transact business and/or are found within this district, and the interstate trade and commerce, hereinafter described, is carried out, in substantial part, in this district.

## ANSWER

Paragraph 2 of the Complaint contains legal conclusions to which no response is

required.  To the extent a response is required, Warner Chilcott denies knowledge or information

sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of the

Complaint, except admits that Ovcon 35 is sold in the District of Columbia.

**PLAINTIFF'S ALLEGATION**

3.     This case involves a horizontal agreement not to compete entered into between Warner Chilcott and Barr (as defined below and collectively referred to as "Defendants"), who are in the business of manufacturing and selling pharmaceutical drugs. As alleged more fully herein, Barr developed a generic drug which is bioequivalent to Warner Chilcott's Ovcon 35 (a prescription oral contraceptive) and was approved by the United States Food and Drug Administration ("FDA") for sale on or about April 22, 2004. However, in exchange for, *inter alia,* approximately $20 million, Barr entered into an agreement with Warner Chilcott not to enter the United States market with its generic Ovcon 35 product for a period of five years (the "Agreement").

**ANSWER**

The first sentence of Paragraph 3 of the Complaint contains legal conclusions to

which no response is required.  To the extent a response is required, Warner Chilcott denies each

and every allegation contained in the first sentence of Paragraph 3 of the Complaint.  Warner

Chilcott denies knowledge or information sufficient to form a belief as to the truth of each and

every allegation contained in the second sentence of Paragraph 3 of the Complaint.  Warner

Chilcott denies each and every allegation contained in the third sentence of Paragraph 3 of the

Complaint.

**PLAINTIFF'S ALLEGATION**

4.     The effects of the Agreement between Warner Chilcott and Barr were to prevent generic competition to Ovcon 35, thereby depriving U.S. purchasers of the benefit of a lower cost alternative to Warner Chilcott's higher-priced Ovcon 35 birth control product.

3

**ANSWER**

Warner Chilcott denies each and every allegation contained in Paragraph 4 of the

Complaint.


**PLAINTIFF'S ALLEGATION**

5.      As a result of the Defendants' illegal Agreement, Warner Chilcott was able to
preserve its United States market for Ovcon 35 and sell Ovcon 35 at artificially inflated prices.

**ANSWER**

Warner Chilcott denies each and every allegation contained in Paragraph 5 of the

Complaint.


**PLAINTIFF'S ALLEGATION**

6.      Plaintiff and members of the class are direct purchasers of Ovcon 35 and bring
this action seeking a judgment that Defendants' Agreement is a *per se* violation of Section 1 of
the Sherman Act, 15 U.S.C. § 1. Plaintiff seeks to enjoin this unlawful conduct and recover
damages for the injuries sustained by it and members of the Class resulting from Defendants'
unlawful Agreement.

**ANSWER**

Warner Chilcott denies the allegations contained in Paragraph 6 of the Complaint,

except admits that Plaintiff purports to bring claims against Warner Chilcott, and further admits

that Plaintiff purchased Ovcon 35 from Warner Chilcott.  Warner Chilcott denies that it has

engaged in any unlawful conduct, and further denies that Plaintiff is entitled to any relief

whatsoever.

4

**PLAINTIFF'S ALLEGATION**

7.      Plaintiff Valley Wholesale Drug Company, Inc. is a corporation organized under the laws of the State of California and is located at 1401 W. Fremont Street, Stockton, California, 95203-2627. Plaintiff purchased the prescription drug Ovcon 35 directly from Warner Chilcott during the Class period, as defined below.

**ANSWER**

Warner Chilcott denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the Complaint, except admits that Plaintiff purchased Ovcon 35 from Warner Chilcott.

**PLAINTIFF'S ALLEGATION**

8.      Defendant Warner Chilcott Holdings Company III, Ltd. is a privately-owned, for-profit company organized, existing and doing business under and by virtue of the laws of Bermuda, with its office and principal place of business located at 100 Enterprise Drive, Rockaway, New Jersey 07866-2129. Warner Chilcott Holdings Company III, Ltd., through its direct and indirect subsidiaries, is engaged in the discovery, development, manufacturing, and distribution of pharmaceutical products in the United States.

**ANSWER**

Warner Chilcott denies the allegations contained in Paragraph 11 of the Complaint, except admits that Warner Chilcott Holdings Company III, Ltd. is a privately-owned, for-profit enterprise organized, existing, and doing business under and by virtue of the laws of Bermuda, with its registered office located at Canon's Court, 22 Victoria Street, Hamilton HM12 Bermuda.  Warner Chilcott further admits that Warner Chilcott Holdings Company III, Ltd.'s subsidiaries are engaged in the discovery, development, manufacturing, and distribution of pharmaceutical products in the United States.

**PLAINTIFF'S ALLEGATION**

9.    Defendant Warner Chilcott Corporation is a wholly-owned indirect subsidiary of Warner Chilcott Holdings Company III, Ltd. and is the direct 100% shareholder of Warner Chilcott (U.S.) Inc. Warner Chilcott Corporation is organized, existing and doing business under and by virtue of the laws of the State of Delaware, with its office and principal place of business located at 100 Enterprise Drive, Rockaway, New Jersey, 07866-2129.

**ANSWER**

Warner Chilcott admits the allegations contained in Paragraph 9 of the Complaint.

**PLAINTIFF'S ALLEGATION**

10.    Defendant Warner Chilcott (U.S.) Inc. is a wholly-owned subsidiary of Warner Chilcott Corporation. Warner Chilcott (U.S.) Inc. is organized, existing and doing business under and by virtue of the laws of the State of Delaware, with its office and principal place of business located at 100 Enterprise Drive, Rockaway, New Jersey 07866-2129.

**ANSWER**

Warner Chilcott admits the allegations contained in Paragraph 10 of the

Complaint.

**PLAINTIFF'S ALLEGATION**

11.    Galen (Chemicals) Ltd., is organized, existing, and doing business under and by virtue of the laws of the Republic of Ireland. Galen Chemicals is directly or indirectly owned or controlled by Warner Chilcott Holdings Company III, Ltd. Galen Chemicals entered into the anticompetitive agreement with Barr Pharmaceuticals, Inc. that is the subject of this lawsuit.

**ANSWER**

Warner Chilcott admits the allegations contained in the first sentence of

Paragraph 11 of the Complaint.  Warner Chilcott denies the remaining allegations contained in

Paragraph 11 of the Complaint, except admits that Galen (Chemicals) Limited is directly or

indirectly owned by Warner Chilcott Holdings Company III, Ltd., and further admits that Galen

(Chemicals) Limited executed an option agreement with Barr on March 24, 2004. Warner

Chilcott respectfully refers the Court to the option agreement for the terms thereof.

**PLAINTIFF'S ALLEGATION**

12.    Defendants Warner Chilcott Holdings Company III Ltd., Warner Chilcott
Corporation, Warner Chilcott (US), Inc. and Galen (Chemicals) Ltd. are referred to herein as
"Warner Chilcott." Warner Chilcott is a specialty pharmaceutical company focusing on the
development, sales and marketing of women's healthcare and dermatology prescription products.

**ANSWER**

Warner Chilcott admits the allegations contained in Paragraph 12 of the

Complaint.

**PLAINTIFF'S ALLEGATION**

13.    Defendant Barr Pharmaceuticals, Inc. ("Barr") is a corporation organized, existing
and doing business under and by virtue of the laws of the State of Delaware with a principal
place of business at 2 Quaker Road, P.O. Box 2900, Pomona, New York, 10970-0519. Barr is
engaged in the business of, among other things, developing, manufacturing, marketing and
distributing generic oral contraceptive products.

**ANSWER**

Warner Chilcott denies knowledge or information sufficient to form a belief as to

the truth of the allegations contained in Paragraph 13 of the Complaint, except admits that Barr is

engaged in the business of, among other things, developing, manufacturing, marketing, and

distributing generic oral contraceptives.

**PLAINTIFF'S ALLEGATION**

14.    Plaintiff brings this action on behalf of itself and, under Rule 23(b)(2) and/or Rule
23(b)(3) of the Federal Rules of Civil Procedure, as a representative of a Class defined as
follows:

All persons who have purchased Ovcon 35 directly from Warner Chilcott at any time during the period April 22, 2004 through and after the date hereof until the effects of Defendants' illegal contract, combination or conspiracy cease (the "Class").

Excluded from the Class are Defendants and their officers, directors, management and employees, subsidiaries or affiliates and all entities of the federal government.

**ANSWER**

Paragraph 14 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Warner Chilcott denies that it has engaged in any illegal activity, and further denies that Plaintiff is entitled to any relief whatsoever. Warner Chilcott further denies that this suit can be litigated as class action under Rule 23(b)(2) and/or Rule 23(b)(3) of the Federal Rules of Civil Procedure or any other rule.

**PLAINTIFF'S ALLEGATION**

15.    The Class is so numerous that joinder of all members is impracticable. While the exact number of Class members is unknown to Plaintiff at the present time, it is believed to be in the hundreds. Furthermore, the Class is readily identifiable from information and records maintained by Defendants.

**ANSWER**

Paragraph 15 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Warner Chilcott denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in Paragraph 15 of the Complaint.

**PLAINTIFF'S ALLEGATION**

16.    Plaintiff's claims are typical of the members of the Class. Plaintiff and all Class members were damaged by the same wrongful conduct by the Defendants: they have all paid

artificially inflated prices for Ovcon 35 resulting from Warner Chilcott's agreement with Barr to exclude generic competition.

**ANSWER**

Paragraph 16 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Warner Chilcott denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in the first sentence of Paragraph 16 of the Complaint, and denies each and every allegation contained in the second sentence of Paragraph 16 of the Complaint.

**PLAINTIFF'S ALLEGATION**

17. Plaintiff will fairly and adequately represent the interests of the Class. The interests of the Plaintiff are coincident with, and not antagonistic to, those of the Class.

**ANSWER**

Paragraph 17 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Warner Chilcott denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in Paragraph 17 of the Complaint.

**PLAINTIFF'S ALLEGATION**

18. Plaintiff is represented by counsel who are experienced and competent in the prosecution of class actions and antitrust litigation.

**ANSWER**

Paragraph 18 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Warner Chilcott denies knowledge or information

sufficient to form a belief as to the truth of each and every allegation contained in Paragraph 18 of the Complaint.

**PLAINTIFF'S ALLEGATION**

19.     Questions of law and fact common to the members of the Class predominate over any questions that may affect only individual Class members because Defendants have acted on grounds generally applicable to the entire Class. Such generally applicable conduct is inherent in Defendants' collusive conduct.

**ANSWER**

Paragraph 19 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Warner Chilcott denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in the first sentence of Paragraph 19 of the Complaint. Warner Chilcott denies each and every allegation contained in the second sentence of Paragraph 19 of the Complaint.

**PLAINTIFF'S ALLEGATION**

20.     Questions of law and/or fact common to the Class include, but are not limited to, the following:
  a)     whether Defendants combined, agreed or conspired as alleged herein in restraint of trade;
  b)     whether Defendants' contract, combination or conspiracy is a *per se* violation of Section 1 of the Sherman Act;
  c)     whether the activities of Defendants as alleged herein have substantially affected interstate commerce; and
  d)     whether, and to what extent, the conduct of Defendants caused injury to the business or property of Plaintiff and the members of the Class, and if so, the appropriate relief and/or measure of damages.

**ANSWER**

Paragraph 20 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Warner Chilcott denies knowledge or information

sufficient to form a belief as to the truth of each and every allegation contained in Paragraph 20 of the Complaint.

## PLAINTIFF'S ALLEGATION

21.    Class action treatment is superior to other available methods for the fair and efficient adjudication of this controversy. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of evidence, effort and expense that numerous individual actions would require. The benefits of proceeding by way of a class action, including providing injured persons or entities with a method for obtaining redress on claims that it might not be able to pursue individually, substantially outweigh any difficulties that may arise in the management of this class action.

## ANSWER

Paragraph 21 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Warner Chilcott denies that class action treatment is superior to other available methods for the fair and efficient adjudication of this controversy, and further denies that a class action is the proper vehicle for this action.  Warner Chilcott denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 21 of the Complaint.

## PLAINTIFF'S ALLEGATION

22.    Plaintiff knows of no difficulty which will be encountered in the management of this action that will preclude its maintenance as a class action.

## ANSWER

Warner Chilcott denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in Paragraph 22 of the Complaint.

**PLAINTIFF'S ALLEGATION**

23.    Under the Federal Food, Drug, & Cosmetics Act (21 U.S.C. §§301-392), a company seeking to sell a new drug must first obtain approval from FDA. This is accomplished by filing a New Drug Application ("NDA"), which must contain (among other things) data establishing the drug's safety and effectiveness. Once approved, a new drug is generally referred to as a "brand-name drug" because it is marketed under a trade name or trademark for the product rather than, for example, by the chemical name of the active ingredient in the product.

**ANSWER**

Paragraph 23 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Warner Chilcott admits that the FDA has procedures concerning pharmaceuticals sold in the United States.

**PLAINTIFF'S ALLEGATION**

24.    In 1984, Congress enacted the Drug Price Competition and Patent Term Restoration Act, Pub. L. No. 98-417, 98 Stat. 1585 (1984) (the "Hatch-Waxman Amendments"), amending the Federal Food, Drug, & Cosmetics Act, 21 U.S.C. §§301-392.

**ANSWER**

Warner Chilcott admits the allegations contained in Paragraph 24 of the Complaint, except denies that the Drug Price Competition and Patent Term Restoration Act of 1984 ("Hatch-Waxman Act"), Pub. L. No. 98-417, 98 Stat. 1585 (1984), is applicable to this case.

**PLAINTIFF'S ALLEGATION**

25.    The Hatch-Waxman Amendments sought to get generic drugs to market faster. Companies seeking to produce and market a generic form of a brand-name drug were relieved of the obligation of filing a full NDA. Instead, generic manufacturers could file an Abbreviated New Drug Application ("ANDA") relying on the findings of safety and effectiveness supporting the NDA for the brand-name drug. FDA-approved generic drugs are certified by FDA as bioequivalent to the brand-name drugs with which they compete and are completely interchangeable with the brand-name drug. FDA refers to such drugs as "AB-rated" drugs.

**ANSWER**

Paragraph 25 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Warner Chilcott denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 of the Complaint, except admits that the Hatch-Waxman Act has procedures concerning generic pharmaceuticals.

**PLAINTIFF'S ALLEGATION**

26.    Upon their introduction, generic drugs are generally priced 30 to 50 percent (or more) below the price of their brand-name equivalents. Because generic and branded drugs are fully interchangeable in terms of efficacy and safety, purchasers of brand-name drugs for which generic versions are available engage in extensive substitution of the generic for the brand-name drug. As a result, a brand-name drug facing generic competition typically loses a significant share of its market to generics. The brand-name manufacturer may also give discounts to customers in response to generic competition. Price competition from generic drugs benefits all direct purchasers, who are able to buy fully interchangeable drugs at significantly lower prices.

**ANSWER**

Warner Chilcott denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in the first four sentences of Paragraph 26 of the Complaint.  Warner Chilcott denies each and every allegation contained in the fifth sentence of Paragraph 26 of the Complaint.

**PLAINTIFF'S ALLEGATION**

27.    Ovcon 35 has been available to the general public as a brand-name prescription oral contraceptive product since approximately 1976. There are no known patents that continue to protect this product.

**ANSWER**

Warner Chilcott denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 27 of the Complaint, except admits that Ovcon 35 was approved by the FDA in approximately 1976.  Warner Chilcott admits the allegations contained in the second sentence of Paragraph 27 of the Complaint.

**PLAINTIFF'S ALLEGATION**

28.    Prior to January 26, 2000, Bristol-Myers Squibb Company ("BMS") manufactured, distributed and marketed Ovcon 35 in the United States.

**ANSWER**

Warner Chilcott denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 of the Complaint, except denies that Bristol-Myers Squibb Company ("BMS") was the only company marketing Ovcon 35 in the United States prior to January 26, 2000.

**PLAINTIFF'S ALLEGATION**

29.    On January 26, 2000, Warner Chilcott purchased from BMS certain rights, title, and interest in Ovcon 35 products, including an agreement with Bristol-Myers Squibb Laboratories Company ("BMSLC"), a wholly owned subsidiary of BMS, to supply Warner Chilcott with Ovcon 35.

**ANSWER**

Warner Chilcott denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29 of the Complaint, except admits that on January 26, 2000 Warner Chilcott purchased from BMS certain rights, title, and interest in Ovcon 35.  Warner Chilcott further admits that it entered into a supply agreement with Bristol-

14

Myers Squibb Laboratories Company ("BMSLC").  Warner Chilcott respectfully refers the Court

to the supply agreement for the terms thereof.

**PLAINTIFF'S ALLEGATION**

30.    Warner Chilcott then began marketing Ovcon 35 manufactured by BMSLC, and continues to be the exclusive marketer of Ovcon 35.

**ANSWER**

Warner Chilcott denies knowledge or information sufficient to form a belief as to

the truth of the allegations contained in Paragraph 30 of the Complaint, except admits that

Warner Chilcott marketed Ovcon 35 after entering into the supply agreement with BMSLC.

**PLAINTIFF'S ALLEGATION**

31.    Ovcon 35 is highly profitable for Warner Chilcott. Warner Chilcott sells Ovcon 35 at a price substantially above Warner Chilcott's cost of acquiring the product.

**ANSWER**

Warner Chilcott denies the allegations contained in Paragraph 31 of the

Complaint, except admits that Warner Chilcott earns a profit on Ovcon 35, and further admits

that it sells Ovcon 35 at a price above its cost.

**PLAINTIFF'S ALLEGATION**

32.    For the twelve months ending on September 30, 2004, Warner Chilcott's net sales of Ovcon 35 were approximately $71.5 million.

**ANSWER**

Warner Chilcott admits the allegations contained in Paragraph 32 of the

Complaint.

**PLAINTIFF'S ALLEGATION**

33.    In September 2001, Barr filed its ANDA with the FDA requesting approval to market a generic, AB-rated version of Ovcon 35 in the United States.

**ANSWER**

Warner Chilcott denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in Paragraph 33 of the Complaint.


**PLAINTIFF'S ALLEGATION**

34.    In January 2003, Barr publicly communicated its intent to launch a generic version of Ovcon 35 by the end of 2003.

**ANSWER**

Warner Chilcott denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in Paragraph 34 of the Complaint.


**PLAINTIFF'S ALLEGATION**

35.    Barr intended to offer for sale its generic version of Ovcon at a price approximately 30% less than the price charged by Warner Chilcott.

**ANSWER**

Warner Chilcott denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in Paragraph 35 of the Complaint.


**PLAINTIFF'S ALLEGATION**

36.    Both Barr and Warner Chilcott projected that Barr's generic Ovcon 35 product would capture approximately 50% of Warner Chilcott's sales of Ovcon 35 in the first year.

**ANSWER**

Warner Chilcott denies knowledge or information sufficient to form a belief as to

the truth of the allegations contained in Paragraph 36 of the Complaint, except denies that

Warner Chilcott projected that Barr's generic Ovcon 35 product would capture approximately

50% of Warner Chilcott's sales of Ovcon 35 in the first year.


**PLAINTIFF'S ALLEGATION**

37.     Warner Chilcott calculated that, as a result of these lost prescriptions, its net
revenues from the sale of branded Ovcon 35 would decline by at least $100 million over a three-
year period.

**ANSWER**

Warner Chilcott denies each and every allegation contained in Paragraph 37 of the

Complaint.


**PLAINTIFF'S ALLEGATION**

38.     In order to combat this threat, Warner Chilcott embarked on a strategy to replace
Ovcon 35 with a chewable form of Ovcon 35 before generic entry by Barr.

**ANSWER**

Warner Chilcott denies the allegations contained in Paragraph 38 of the

Complaint, except admits that Warner Chilcott has developed a new, innovative, patented

product, Ovcon Chewable.


**PLAINTIFF'S ALLEGATION**

39.     Warner Chilcott planned to engage in certain practices that could ultimately result
in the replacement of prescriptions for (and supply of) non-chewable Ovcon 35 with chewable
Ovcon 35.

**ANSWER**

Warner Chilcott denies each and every allegation contained in Paragraph 39 of the

Complaint.

**PLAINTIFF'S ALLEGATION**

40.    Prescriptions written for Ovcon 35 chewable would not be able to be filled at pharmacies with Barr's generic Ovcon 35 product because Barr's generic version of the non-chewable Ovcon 35 product would not be AB-rated to the Ovcon 35 chewable form.

**ANSWER**

Warner Chilcott denies knowledge or information sufficient to form a belief as to

the truth of each and every allegation contained in Paragraph 40 of the Complaint.

**PLAINTIFF'S ALLEGATION**

41.    The change to a chewable form would bring no real benefits to patients and was sought by Warner Chilcott to preserve its monopoly profits on Ovcon 35.

**ANSWER**

Warner Chilcott denies each and every allegation contained in Paragraph 41 of the

Complaint.

**PLAINTIFF'S ALLEGATION**

42.    By mid-2003, Warner Chilcott's strategy of switching users from non-chewable Ovcon 35 to Ovcon 35 chewable was in jeopardy because Barr's generic entry appeared imminent and Ovcon 35 chewable had not yet been approved by the FDA.

**ANSWER**

Warner Chilcott denies the allegations contained in Paragraph 42 of the

Complaint, except admits that Ovcon Chewable obtained FDA approval in November 2003.

18

**PLAINTIFF'S ALLEGATION**

43.    In August 2003, Warner Chilcott responded to Barr's imminent introduction of a generic version of Ovcon 35 by discussing with Barr potential business arrangements under which Barr would refrain from competing with its generic Ovcon 35 product.

**ANSWER**

Warner Chilcott denies each and every allegation contained in Paragraph 43 of the

Complaint.

**PLAINTIFF'S ALLEGATION**

44.    On September 10, 2003, Warner Chilcott and Barr signed a letter of intent to enter into an agreement in which Warner Chilcott would pay Barr $20 million and Barr would not compete in the United States for five years with its generic Ovcon 35 product after Barr received final FDA approval. Instead, Barr would agree to be available as a second supplier of Ovcon to Warner Chilcott if Warner Chilcott so requested.

**ANSWER**

Warner Chilcott denies the allegations contained in Paragraph 44 of the

Complaint, except admits that on September 10, 2003 Warner Chilcott and Barr executed a letter

of intent.  Warner Chilcott respectfully refers the Court to the letter of intent for the terms

thereof.

**PLAINTIFF'S ALLEGATION**

45.    On March 24, 2004, the Defendants signed their Agreement and Warner Chilcott paid Barr $1 million.

**ANSWER**

Warner Chilcott denies the allegations contained in Paragraph 46 of the

Complaint, except admits that Warner Chilcott and Barr entered into an option agreement on

March 24, 2004, and further admits that Warner Chilcott paid Barr $1 million in consideration

for the option.  Warner Chilcott respectfully refers the Court to the option agreement for the

terms thereof.


**PLAINTIFF'S ALLEGATION**

46.    Under the Agreement, within 45 days after the FDA approved Barr's generic
Ovcon ANDA, Warner Chilcott could elect to pay the remaining $19 million to secure Barr's
agreement to refrain from marketing generic Ovcon in the United States, either by itself, or
through a licensee, for five years.

**ANSWER**

Warner Chilcott denies the allegations contained in Paragraph 46 of the

Complaint, except admits that it entered into an option agreement with Barr.  Warner Chilcott

respectfully refers the Court to the option agreement for the terms thereof.


**PLAINTIFF'S ALLEGATION**

47.    On April 22, 2004, the FDA granted final approval of Barr's ANDA for generic
Ovcon 35.

**ANSWER**

Warner Chilcott denies knowledge or information sufficient to form a belief as to

the truth of each and every allegation contained in Paragraph 47 of the Complaint.


**PLAINTIFF'S ALLEGATION**

48.    On April 23, 2004 Barr announced its intent to begin marketing its generic
version of Ovcon 35 under the name "Balziva" in the event that Warner Chilcott chose not to
exercise its option under the Agreement.

**ANSWER**

Warner Chilcott denies the allegations contained in Paragraph 51 of the

Complaint, except admits that Barr publicly contemplated marketing a generic version of Ovcon

35 if Warner Chilcott did not exercise its option, subject to certain risks and uncertainties

associated with making generic Ovcon 35 commercially available.

**PLAINTIFF'S ALLEGATION**

49.    On May 6, 2004, Warner Chilcott exercised its option under the Agreement. Pursuant to the terms of the Agreement, Warner Chilcott paid Barr $19 million in exchange for Barr's agreement not to compete with Warner Chilcott by introducing into the market its generic version of Ovcon 35.

**ANSWER**

Warner Chilcott denies the allegations contained in Paragraph 49 of the

Complaint, except admits that on May 6, 2004 Warner Chilcott exercised the option, and further

admits that Warner Chilcott paid Barr $19 million upon exercise of the option.  Warner Chilcott

respectfully refers the Court to the option agreement for the terms thereof.

**PLAINTIFF'S ALLEGATION**

50.    As a result, no generic version of Ovcon 35 was ever launched, and Barr has agreed not to launch a generic version of Ovcon 35 until at least May 2009.

**ANSWER**

Warner Chilcott denies each and every allegation contained in Paragraph 50 of the

Complaint.

**PLAINTIFF'S ALLEGATION**

51.    In the absence of the Agreement, Barr would have begun marketing its generic Ovcon 35 product after receiving FDA approval of its ANDA.

**ANSWER**

Warner Chilcott denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 51 of the Complaint, except denies that Barr had the capability to market a generic Ovcon 35 shortly after obtaining FDA approval.

**PLAINTIFF'S ALLEGATION**

52.    As a consequence of the Agreement, purchasers of Ovcon 35 were required to continue purchasing brand-name Ovcon 35 product when less expensive generic product would have otherwise been available.

**ANSWER**

Warner Chilcott denies each and every allegation contained in Paragraph 52 of the Complaint.

**PLAINTIFF'S ALLEGATION**

53.    If Barr had introduced its generic product, prices for Ovcon 35 would have declined rapidly.

**ANSWER**

Warner Chilcott denies each and every allegation contained in Paragraph 53 of the Complaint.

**PLAINTIFF'S ALLEGATION**

54.    Barr has abided by its agreement not to sell generic Ovcon 35 in the United States, and no company, other than Barr, has received FDA approval for a generic version of Ovcon 35.

**ANSWER**

Warner Chilcott denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in Paragraph 54 of the Complaint.

**PLAINTIFF'S ALLEGATION**

55.    At all material times, Ovcon 35 was shipped across state lines and sold to customers located outside the state of manufacture.

**ANSWER**

Paragraph 55 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Warner Chilcott denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 55 of the Complaint, except admits that Ovon 35 is sold in the United States.

**PLAINTIFF'S ALLEGATION**

56.    During the relevant time period, in connection with the purchase and sale of Ovcon 35, monies as well as contracts, bills and other forms of business communications and transactions were transmitted in a continuous and uninterrupted flow across state lines.

**ANSWER**

Paragraph 56 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Warner Chilcott denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in Paragraph 56 of the Complaint.

**PLAINTIFF'S ALLEGATION**

57.    During the relevant time period, various devices were used to effectuate the conspiracy alleged herein, including the United States mail, interstate and foreign travel, and interstate and foreign telephone commerce.

**ANSWER**

Paragraph 57 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Warner Chilcott denies each and every allegation contained in Paragraph 57 of the Complaint.

**PLAINTIFF'S ALLEGATION**

58.    The activities of Defendants as charged in this complaint were within the flow of, and have substantially affected, interstate commerce.

**ANSWER**

Paragraph 58 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Warner Chilcott denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in Paragraph 58 of the Complaint.

**PLAINTIFF'S ALLEGATION**

59.    Plaintiff hereby incorporates by reference the allegations set forth in paragraphs numbered 1 through 58 inclusive.

**ANSWER**

Warner Chilcott incorporates and realleges by this reference each and all of the matters set forth in its Answers to Paragraphs 1 through 58 of the Complaint as if fully set forth herein.

**PLAINTIFF'S ALLEGATION**

60.    By entering into the Agreement, the purpose and effect of which was to restrain trade by keeping generic competition to Ovcon 35 out of the market, the Defendants have engaged in a continuing contract, combination and/or conspiracy, in violation of Section 1 of the Sherman Act, 15 U.S.C. § 1.

**ANSWER**

Paragraph 60 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Warner Chilcott denies each and every allegation contained in Paragraph 60 of the Complaint.

**PLAINTIFF'S ALLEGATION**

61.    The Defendants' contract, combination and/or conspiracy has included concerted action and undertakings between Defendants with the purpose and effect to fix, raise, maintain or stabilize the price of Ovcon 35.

**ANSWER**

Paragraph 61 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Warner Chilcott denies each and every allegation contained in Paragraph 61 of the Complaint.

**PLAINTIFF'S ALLEGATION**

62.    For the purpose of formulating and effectuating their contract, combination and/or conspiracy, Defendants performed the following acts, as alleged herein, including the following:

a)    entering into an illegal agreement by which Barr agreed not to sell generic Ovcon 35 in U.S. commerce in exchange for monetary payment by Warner Chilcott; and

b)    depriving direct purchasers of the ability to purchase Ovcon 35 at a competitive price.

**ANSWER**

Paragraph 62 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Warner Chilcott denies each and every allegation contained in Paragraph 62 of the Complaint, including sub-parts a) and b).

**PLAINTIFF'S ALLEGATION**

63.    The acts done by each of the Defendants as part of, and in furtherance of, their contract, combination and/or conspiracy were authorized, ordered or done by their officers, agents, employees or representatives while actively engaged in the management of Defendants' affairs.

**ANSWER**

Paragraph 63 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Warner Chilcott denies each and every allegation contained in Paragraph 63 of the Complaint.

**PLAINTIFF'S ALLEGATION**

64.    Defendants' illegal contract, combination and/or conspiracy to prevent the introduction into the U.S. marketplace of a generic version of Ovcon 35 resulted in Plaintiff and the Class paying more than they would for Ovcon 35 absent Defendants' illegal conduct.

**ANSWER**

Paragraph 64 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Warner Chilcott denies each and every allegation contained in Paragraph 64 of the Complaint. Warner Chilcott further denies that it engaged in any illegal conduct.

**PLAINTIFF'S ALLEGATION**

65.    Defendants' contract, combination and/or conspiracy is a *per se* violation of Section 1 of the Sherman Act, 15 U.S.C. § 1.

**ANSWER**

Paragraph 65 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Warner Chilcott denies each and every allegation contained in Paragraph 65 of the Complaint.

**PLAINTIFF'S ALLEGATION**

66.    In the alternative, Defendants' contract, combination and/or conspiracy violates Section 1 of the Sherman Act, 15 U.S.C. § 1, under "Quick Look" and/or Rule of Reason analyses, since the purpose and effect of Defendants' acts were to unreasonably restrain competition in the sale of Ovcon 35 and generic versions of Ovcon 35. To the extent required by law, the relevant product market is Ovcon 35 and its AB-rated generic equivalents and the relevant geographic market is the United States.

**ANSWER**

Paragraph 66 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Warner Chilcott denies the allegations contained in Paragraph 66 of the Complaint, except denies knowledge or information sufficient to form a belief as to the relevant geographic market.

**PLAINTIFF'S ALLEGATION**

67.    Defendants have undertaken the foregoing unlawful courses of conduct for the following purposes and with the following effects:

(a)    Prices for Ovcon 35 have been fixed, raised, maintained or stabilized at artificially high and non-competitive levels;

(b)    Buyers of Ovcon 35 were unable to purchase lower-priced generic versions of Ovcon 35;

(c)    Buyers of Ovcon 35 have been deprived of the benefits of free and open competition in their purchases; and

> (d)     Competition in the production and sale of Ovcon 35 has been restrained, suppressed and eliminated.

**ANSWER**

Paragraph 67 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Warner Chilcott denies each and every allegation contained in Paragraph 67 of the Complaint, including sub-parts (a), (b), (c), and (d).  Warner Chilcott further denies that it has engaged in any unlawful course of conduct.

**PLAINTIFF'S ALLEGATION**

68.     During the relevant period, members of the Class purchased substantial amounts of Ovcon 35 from Warner Chilcott. As a result of the illegal conduct of Defendants, members of the Class were compelled to pay, and did pay, artificially inflated prices for Ovcon 35. Those prices were substantially greater than the prices that members of the Class would have paid absent the illegal agreement, combination and/or conspiracy alleged herein. Members of the Class have as a consequence sustained substantial losses and damage to their businesses and property in the form, among others, of overcharges. The full amount and forms and components of such damages will be calculated after discovery and upon proof at trial.

**ANSWER**

Warner Chilcott denies knowledge or information sufficient to form a belief as to the truth of the first sentence of Paragraph 68 of the Complaint, and denies the remaining allegations contained in Paragraph 68 of the Complaint.

**PLAINTIFF'S ALLEGATION**

69.     Plaintiff demands trial by jury on all issues so triable.

**ANSWER**

Warner Chilcott hereby demands a trial by jury on all claims so triable.

# PRAYER FOR RELIEF

## PLAINTIFF'S ALLEGATION

70.     WHEREFORE, Plaintiff, on behalf of itself and the Class, prays that:

    A.    The Court determine that this action may be maintained as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure, and direct that reasonable notice of this action, as provided by Rule 23(c)(2) of the Federal Rules of Procedure, be given to the Class;

    B.    The contract, combination or conspiracy alleged herein be adjudged and decreed to be an unlawful restraint of trade in violation of Section 1 of the Sherman Act;

    C.    Defendants be enjoined from continuing their illegal contract, combination, and/or conspiracy;

    D.    Each member of the Class recover treble the damages determined to have been sustained by each of them, and that joint and several judgment be entered against each Defendant in favor of the Class;

    E.    The Class recover their costs of suit, including reasonable attorneys' fees as provided by law; and

    F.    The Court award such other, further and different relief as the nature of this case may require or as may be determined to be just, equitable and proper by this Court.

## ANSWER

WHEREFORE, Warner Chilcott denies that this suit can be litigated as class action, denies that Plaintiff is entitled to any relief whatsoever and respectfully requests judgment for Warner Chilcott along with costs and attorneys' fees, as may be allowed by law, and such further relief as the Court deems appropriate.  Furthermore, Warner Chilcott denies every allegation contained in the Complaint not specifically herein admitted.

## AFFIRMATIVE DEFENSES

Warner Chilcott states the following affirmative defenses without assuming the burden of proof of such defenses that would otherwise rest on Plaintiff.

### FIRST AFFIRMATIVE DEFENSE
**(Failure to State a Claim)**

The Complaint fails to state a claim against Warner Chilcott on which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE
**(Laches)**

Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

### THIRD AFFIRMATIVE DEFENSE
**(Estoppel)**

Plaintiff's claims are barred, in whole or in part, by the doctrine of estoppel.

### FOURTH AFFIRMATIVE DEFENSE
**(Waiver)**

Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver.

## FIFTH AFFIRMATIVE DEFENSE
### (Justification)

Plaintiff's claims are barred, in whole or in part, because any conduct engaged in by Warner Chilcott was reasonable, based upon independent, legitimate business and economic justifications, without the purpose or effect of injuring competition.

## SIXTH AFFIRMATIVE DEFENSE
### (Preservation of Business)

Plaintiff's claims are barred, in whole or in part, because any conduct engaged in by Warner Chilcott was reasonable in relation to the development and preservation of its business.

## SEVENTH AFFIRMATIVE DEFENSE
### (No Injury to Competition)

Plaintiff's claims are barred, in whole or in part, because none of Warner Chilcott's actions have injured competition in any relevant market.

## EIGHTH AFFIRMATIVE DEFENSE
### (Pro-Competitive Effects)

Plaintiff's claims are barred, in whole or in part, because Warner Chilcott's alleged actions have pro-competitive effects that benefit competition as a whole in any relevant market.  Warner Chilcott's alleged actions increased competition and are in furtherance of trade.

## NINTH AFFIRMATIVE DEFENSE
### (No Consumer Harm)

Plaintiff's claims are barred, in whole or in part, because none of Warner

Chilcott's alleged actions have harmed consumers.

## TENTH AFFIRMATIVE DEFENSE
### (No Harm to Plaintiff)

Plaintiff's claims are barred, in whole or in part, because none of Warner

Chilcott's alleged actions have harmed Plaintiff.

## ELEVENTH AFFIRMATIVE DEFENSE
### (No Knowledge or Intent)

Plaintiff's claims are barred, in whole or in part, because Warner Chilcott had no

knowledge, intention or belief that its actions might illegally restrain trade.  Further, Warner

Chilcott could not have known that its actions might illegally restrain trade.

## TWELFTH AFFIRMATIVE DEFENSE
### (No Willful, Flagrant or Unconscionable Act)

Plaintiff's claims are barred, in whole or in part, because Warner Chilcott did not

engage in any willful, flagrant or unconscionable act.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (Good Faith Reliance)

Plaintiff's claims are barred, in whole or in part, because Warner Chilcott relied in good faith on the actions of the Federal Trade Commission.


## FOURTEENTH AFFIRMATIVE DEFENSE
### (No Notice)

Plaintiff's claims are barred, in whole or in part, because Warner Chilcott had no notice that its actions, if any, were illegal.


## FIFTEENTH AFFIRMATIVE DEFENSE
### (No Concealment)

Plaintiff's claims are barred, in whole or in part, because Warner Chilcott did not conceal any of its actions.


## SIXTEENTH AFFIRMATIVE DEFENSE
### (Failure to Identify Appropriate Markets)

Plaintiff's claims are barred, in whole or in part, because Plaintiff has not properly alleged either a relevant product market or a relevant geographic market.


## SEVENTEENTH AFFIRMATIVE DEFENSE
### (No Market Power)

Plaintiff's claims are barred, in whole or in part, because Warner Chilcott has and had no market power.

## EIGHTEENTH AFFIRMATIVE DEFENSE
### (Causation)

Plaintiff's claims are barred, in whole or in part, because Warner Chilcott's actions were not the proximate cause in fact of Plaintiff's alleged damages.

## NINETEENTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate Damages)

To the extent that Plaintiff has failed to mitigate, minimize or avoid any loss or damage referred to in the Complaint, any recovery must be reduced by that amount.

## TWENTIETH AFFIRMATIVE DEFENSE
### (Lawful Conduct)

Plaintiff's claims are barred, in whole or in part, because Warner Chilcott has acted at all times in conformity with all applicable laws, statutes, ordinances and decrees with respect to Plaintiff.

## TWENTY-FIRST AFFIRMATIVE DEFENSE
### (Not Maintainable as a Class Action)

Plaintiff's claims are barred, in whole or in part, because the action against Warner Chilcott is not properly maintained as a class action.

### TWENTY-SECOND AFFIRMATIVE DEFENSE
**(Lack of Antitrust Injury)**

Plaintiff's claims are barred, in whole or in part, because Plaintiff has not suffered antitrust injury.

### TWENTY-THIRD AFFIRMATIVE DEFENSE
**(No Pattern or Practice)**

Plaintiff's claims are barred, in whole or in part, because Warner Chilcott did not engage in any pattern or practice of illegal activity.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE
**(No Standing)**

Plaintiff's claims are barred, in whole or in part, because Plaintiff does not have standing.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE
**(Failure to Plead a Proper Party)**

Plaintiff's claims are barred, in whole or in part, because Plaintiff has failed to plead a proper party.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE
**(Reservation of Additional Defenses)**

Warner Chilcott reserves the right to assert additional affirmative defenses as discovery proceeds.

**JURY DEMAND**

Warner Chilcott hereby demands a trial by jury on all claims so triable.

**WARNER CHILCOTT'S PRAYER FOR RELIEF**

Wherefore, Warner Chilcott prays as follows:

1.     That the Court enter judgment for Warner Chilcott on all counts;

2.     That the Court award Warner Chilcott reasonable costs and expenses including, but not limited to, attorneys' fees and costs of suit, and such other and further relief as may be appropriate.

December 27, 2005                          Respectfully submitted,

                                  By:     /s/
                                         _____
                                         Kevin J. Arquit, D.C. Bar #438511
                                         Charles E. Koob, *pro hac vice* pending
                                         SIMPSON THACHER & BARTLETT LLP
                                         425 Lexington Avenue
                                         New York, New York 10017
                                         (212) 455-2000

                                         *Counsel for Warner Chilcott Defendants*