# EXHIBIT 2


**DOC # 11**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

05 cv 2237 (CLB)

| | |
|---|---|
| IN RE DDAVP® INDIRECT PURCHASER ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br>ALL ACTIONS |  |
| VISTA HEALTHPLAN, INC., on behalf of itself and all others similarly situated,<br>                          Plaintiff,<br>v.<br>FERRING B.V., FERRING PHARMACEUTICALS, INC. and AVENTIS PHARMACEUTICALS, INC.,<br>                          Defendants. | Civil Action No. 7:05-cv-2628-CLB<br><br>ECF CASE |
| HELEN SEAMON, on behalf of herself and all others similarly situated,<br>                          Plaintiff,<br>v.<br>FERRING B.V., FERRING PHARMACEUTICALS, INC. and AVENTIS PHARMACEUTICALS, INC.,<br>                          Defendants. | Civil Action No. 1:05-cv-2398-RCC |
| PENNSYLVANIA EMPLOYEES BENEFIT TRUST FUND., on behalf of itself and all others similarly situated,<br>                          Plaintiff,<br>v.<br>FERRING B.V., FERRING PHARMACEUTICALS, INC. and AVENTIS PHARMACEUTICALS, INC.,<br>                          Defendants. | Civil Action No. 7:05-cv-2835-CLB |



USDC SDNY
DOCUMENT
ELECTRONICALLY
DOC #: _____
DATE FILED: _____

MICROFILM
APR 18 2005

Pre Trial Order No. 2

31

| | |
|---|---|
| PAINTERS DISTRICT COUNCIL NO. 30 HEALTH AND WELFARE FUND, on behalf of itself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>FERRING B.V., FERRING PHARMACEUTICALS, INC. and AVENTIS PHARMACEUTICALS, INC.,<br><br>Defendants. | Civil Action No. 7:05-cv-2987-CLB |

## [~~PROPOSED~~] CASE MANAGEMENT ORDER
*(Pretrial Order No 2)*

### I.  COORDINATION AND CONSOLIDATION OF ACTIONS

1.  Those Actions on Schedule A, or any suit now pending or hereafter filed in this Court, or transferred to this Court, which is brought on behalf of a putative class of indirect purchasers of DDAVP® and that arises out of the same operative facts as the above-captioned actions is hereby consolidated for all purposes (collectively, the "Indirect Purchaser Class Actions"). Indirect Purchaser Class Plaintiffs shall file a Consolidated Class Action Complaint within 60 (sixty) days after entry of this Order.

2.  Any suit filed in this Court, or transferred to this Court, which is not brought on behalf of a putative class, but is filed by an Indirect Purchaser of DDAVP® and arises out of the same operative facts as the above-captioned actions, will be referred to as an "Indirect Purchaser Opt-Out Action."

3.  The Indirect Purchaser Class Actions, the Indirect Purchaser Opt-Out Actions (if any), any actions on Schedule B (or any actions now pending before this Court or later transferred to this Court brought by one or more direct purchasers of DDAVP® ("Direct Purchaser Actions")

2

and that arises out of the same operative facts as the Indirect Purchaser Class Actions), shall be coordinated for all proceedings (collectively, "Coordinated Actions").

4. The terms of this Order shall not have the effect of making any person, firm, corporation or other entity a party to any action in which he, she or it has not been named, served or added as such in accordance with the Federal Rules of Civil Procedure.

## II. CAPTION OF CASES

5. Every pleading filed in the Indirect Purchaser Class Actions shall bear the following caption:

| | |
|---|---|
| IN RE DDAVP® INDIRECT PURCHASER ) <br> ANTITRUST LITIGATION ) <br> _____ ) <br> ) <br> THIS DOCUMENT RELATES TO: ) <br> _____ ) | Civil Action No. 05 cv 2237 (CLB) <br><br> Hon. Charles L. Brieant, U.S.D.J. |

6. When a pleading or other court paper filed in the Indirect Purchaser Class Actions is intended to apply to all actions therein, the words "All Actions" shall appear immediately after the words "THIS DOCUMENT RELATES TO:" in the caption set out above. When a pleading or other court paper is intended to be applicable only to one, or some, but not all of such actions, the party filing the document shall indicate the action(s) to which the document is intended to be applicable by one or more of the designations set forth in ¶¶ 1 through 4, or by the last name of the named plaintiff(s) and the docket number(s).

III. MASTER DOCKET, MASTER FILE AND SEPARATE ACTION DOCKETS

7. A Master Docket and a Master File are hereby established for the Indirect Purchaser Class Actions.

8. Documents shall bear the caption, as provided in ¶¶ 5 and 6 above, of the actions in which the documents are to be served and/or filed. Entries shall be made on the dockets, and copies of documents placed in the files, of those actions whose captions appear on the pleading or court paper.

9. Separate dockets shall be maintained for each of the Indirect Purchaser Class Actions and entries shall be made therein in accordance with the regular procedures of the Clerk of this Court, except as modified by this Order or a future order of this Court.

10. When a pleading or other court paper is filed and the caption, pursuant to ¶ 8 above, shows that it is to be applicable to "All Actions," the Clerk shall file such pleading or other court paper in the Master File and note such filing in the Master Docket. No further copies need to be filed or docket entries made.

11. When a pleading or other court paper is filed and the caption, pursuant to ¶ 8 above, shows that it is applicable to fewer than all actions that are consolidated before this Court, the Clerk needs to file such pleading or other court paper only in the Master File, but nonetheless shall note such filing in both the Master Docket and in the docket of each such action.

IV. NEWLY FILED OR TRANSFERRED ACTIONS

12. When a case that relates to the subject matter of the Indirect Purchaser Class Actions is hereafter filed in this Court or transferred here from another court, the Clerk of this Court shall:

4

a. Make an appropriate entry in the Master Docket;

b. Place a copy of this Order in the separate file for such action;

c. Mail a copy of this Order to the attorney(s) for the plaintiff(s) in the newly filed or transferred case, and to the attorneys for any new defendant(s) in the newly filed or transferred case; and

d. Mail a copy of the Order of assignment to Liaison Counsel designated in ¶ 18, counsel for plaintiffs in any Direct Purchaser Actions or Indirect Purchaser Opt-Out Actions and to counsel for defendants in the Indirect Purchaser Class Actions.

13. This Court requests the assistance of counsel in calling to the attention of the Clerk of the Court the filing or transfer of any case which might properly be coordinated as part of the Indirect Purchaser Class Actions.

14. This Order shall apply to each such case referenced in ¶ 12 unless a party objecting to the coordination or consolidation of such case or to provision of this Order shall, within fifteen (15) days after the date upon which an Order is mailed to counsel for such party, file an application for relief from this provision and this Court deems it appropriate to grant such application.

## V. ORGANIZATION OF COUNSEL

15. The Indirect Purchaser Class Actions are listed in Schedule A attached hereto. Schedule A shall be amended to include any action brought on behalf of a putative class of Indirect Purchaser purchasers of DDAVP® subsequently filed or transferred to this Court.

16. The Court designates the following to act on behalf of all Plaintiffs in the Indirect Purchaser Class Actions, with the responsibilities hereinafter described:

5

a.   As Liaison Counsel:

        **ZWERLING, SCHACHTER & ZWERLING, LLP**
        Robert S. Schachter (rschachter@zsz.com)
        Joseph Lipofsky (jlipofsky@zsz.com)
        Paul Kleidman (pkleidman@zsz.com)
        41 Madison Avenue, 32nd Floor
        New York, NY 10010
        Tel.: (212) 223-3900
        Fax: (212) 371-5969

b.   As Co-Lead Counsel:

        **HANZMAN & CRIDEN, P.A.**
        Kevin B. Love (klove@hanzmancriden.com)
        Michael Criden (mruiz@hanzmancriden.com)
        220 Alhambra Circle, Suite 400
        Coral Gables, FL 33134
        Tel.: (305) 357-9000
        Fax: (305) 357-9050

        **SCHIFFRIN & BARROWAY, LLP**
        Joseph H. Meltzer (jmeltzer@sbclasslaw.com)
        Edward W. Ciolko (eciolko@sbclasslaw.com)
        Gerald D. Wells, III (gwells@sbclasslaw.com)
        280 King of Prussia Road
        Radnor, PA 19087
        Tel.: (610) 667-7706
        Fax: (610) 667-7056

        **MILLER FAUCHER & CAFFERTY, LLP**
        Marvin A. Miller (mmiller@millerfaucher.com)
        Patrick E. Cafferty (pcafferty@millerfaucher.com)
        30 N. LaSalle Street, Suite 3200
        Chicago, IL 60602
        Tel.: (312) 782-4880
        Fax: (312) 782-4485

        **SPECTOR, ROSEMAN & KODROFF, P.C.**
        Theodore M. Lieverman (tlieverman@srk-law.com)
        Jeffrey Kodroff (jkodroff@srk-law.com)
        1818 Market Street
        Suite 2500
        Philadelphia, PA 19103
        Tel.: (215) 496-0300
        Fax: (215) 496-6611

17. Defendants' Counsel of record are:

**ARNOLD & PORTER**
William J. Baer
Cathy Hoffman
Barbara Wootton
555 Twelfth Street, NW
Washington, DC 20004-1206
Tel.: (202) 942-5000
Fax: (202) 942-5999

*Counsel for Ferring B.V. and Ferring Pharmaceuticals, Inc.*

**JONES DAY**
John M. Majoras
Julie E. McEvoy
Jennifer L. Shea
51 Louisiana Avenue, N.W.
Washington, D.C. 20001-2113
Tel.: (202) 879-4645
Fax: (202) 626-1700

*Counsel for Aventis Pharmaceuticals, Inc.*

18. Liaison Counsel in the Indirect Purchaser Class Actions are charged with performing, on behalf of all Plaintiffs in those respective actions, administrative matters such as communications with clerical staff of the Court and with other counsel (including receiving and distributing notices, orders, motions and briefs on behalf of the group), advising parties of developments in the case and otherwise assisting in the coordination of activities and positions.

19. Co-Lead Counsel in the Indirect Purchaser Class Actions shall have sole authority over the following matters on behalf of all Plaintiffs in those respective actions: (a) convening meetings of counsel; (b) initiation, response, scheduling, briefing and argument of all motions; (c) the scope, order and conduct of all discovery proceedings; (d) such work assignments to other counsel as they may deem appropriate; (e) the retention of experts; (f) designation of which

7

attorneys may appear at hearings and conferences with the Court; (g) the timing and substance of any settlement negotiations with Defendants; and (h) other matters concerning the prosecution of their respective cases.

20. No motion shall be initiated or filed on behalf of any Plaintiff in the Indirect Purchaser Class Actions except through the respective Co-Lead Counsel.

21. Co-Lead Counsel and Liaison Counsel in the Indirect Purchaser Class Actions shall have sole authority to communicate with Defendants' Counsel and the Court on behalf of all Plaintiffs in those respective actions. Defendants' Counsel may rely on all agreements made with Co-Lead Counsel in the Indirect Purchaser Class Actions, and such agreements shall be binding on all counsel in those respective actions.

22. **Time Records**. All Plaintiffs' Counsel in the Indirect Purchaser Class Actions shall keep contemporaneous time records and shall periodically submit summaries or other records of time and expenses to Co-Lead Counsel, or their designee, in their respective cases.

23. **Admission of Attorneys**. Each attorney not a member of the bar of this Court who is acting as counsel for a plaintiff or defendant herein shall be deemed admitted *pro hac vice* to practice before this Court in connection with these proceedings, provided that such counsel is a member in good standing of the bar of any state or of any federal district court. Liaison Counsel and counsel for Defendants shall provide the Court with a list of counsel for each party, identifying primary counsel and local counsel, if any, and the party such counsel represents.

### VI.    COORDINATION

24. Co-Lead Counsel and Liaison Counsel in the Indirect Purchaser Class Actions and plaintiffs' counsel in the other Coordinated Actions shall reasonably coordinate activities to the extent appropriate and practicable. That coordination shall include, to the extent appropriate and

practicable, collaboration to avoid duplication and inefficiency in the filing, serving and/or implementation of pleadings, other court papers, discovery papers, and discovery practice. Nothing in this Order shall be construed to place limitations on the number of interrogatories or deposition notices any plaintiff may serve upon any other party beyond those imposed under the Federal Rules of Civil Procedure or any other applicable rule of Court concerning service of interrogatories or deposition notices. Plaintiffs in the Coordinated Actions shall make reasonable efforts to avoid duplicative interrogatories.

25.  Plaintiffs' Counsel and Defendants' Counsel of record shall coordinate in scheduling depositions so as to avoid, to the extent practicable, subjecting the same witness (except for individuals designated as Rule 30(b)(6) witnesses and who may also have individual knowledge of the subject matter of the Coordinated Actions) to more than one deposition notice in the Coordinated Actions. Nothing in this Order should be construed to place limitations on the ability of a party to examine a witness at a deposition beyond those imposed by the Federal Rules of Civil Procedure. All parties examining a witness at a deposition shall make reasonable efforts to avoid duplicative questioning.

26.  Plaintiffs' Counsel shall be responsible for the substantive conduct of their own cases. However, Plaintiffs' Counsel shall confer among themselves to make all reasonable efforts to coordinate the procedural conduct of their cases with the conduct of all other Coordinated Actions, including the formulation of discovery requests, notices and the taking of depositions, pleadings, briefs and motion papers.

27.  All counsel in the Coordinated Actions shall reasonably attempt to avoid duplication and inefficiency and inconvenience to the Court, the parties, counsel and witnesses. However, nothing herein shall be construed to diminish the right of any counsel to be heard on

matters that are not susceptible to joint or common action or as to which there is a genuine and substantial disagreement among counsel.

28. Notwithstanding the foregoing undertakings to coordinate activities in the Coordinated Actions, each party in each of the Coordinated Actions reserves its right to: (a) obtain the information to which it is entitled in its respective action by means of the Federal Rules of Civil Procedure; and (b) pursue the relief requested, or its defenses, in its respective action with diligence and dispatch even if the progress of one or more other Coordinated Actions, is delayed for reasons specific to those actions.

29. All discovery obtained by any plaintiff in any of the Coordinated Actions may be shared by that plaintiff and counsel with any other plaintiff and counsel in the Coordinated Actions. All discovery obtained by defendants in any of the Coordinated Actions shall be deemed discovered in each of the Coordinated Actions.

## VII. FILING AND SERVICE OF DOCUMENTS

30. **Orders.** A copy of each order in any of the Indirect Purchaser Class Actions will be provided to Plaintiffs' Co-Lead and Liaison Counsel and to Defendants' Counsel.

31. **Pleadings, Motions, and Other Documents.** Any party to any action in the Indirect Purchaser Class Actions shall effect service of all papers on all parties in the Indirect Purchaser Class Actions as follows: (a) Defendants' Counsel shall serve all papers upon the first-listed attorney for each Liaison Counsel and Co-Lead Counsel in the Indirect Purchaser Class Actions, and (b) Counsel for the Indirect Purchaser Class Actions shall serve all papers on Defendants' Counsel.

32. Filing and service of any document in the Indirect Purchaser Class Actions may be effected by transmitting a copy (for service) or the original (for filing) of the document by

overnight courier for next-business-day delivery, by telecopier (for service only), or by hand delivery. Filing or service, as the case may be, shall be deemed effective on the date on which the document is sent (i.e., provided to the overnight courier even though delivery will not occur until the next business day), is telecopied (for service only), or is hand delivered.

33. Notwithstanding any other provisions herein, the Parties shall file and serve all papers in accordance with the Electronic Case Filing Policies and Procedures ("ECF Procedures") of this Court. Defendants' service of papers by ECF Procedures on each Co-Lead Counsel and Liaison Counsel constitutes service on Plaintiffs. Plaintiffs shall serve papers on Defendants by ECF Procedures. To the extent that ECF Procedures do not apply, the parties shall serve papers in the manner described in paragraph 32.

**PRESERVATION OF DOCUMENTS**

34. During the pendency of this litigation, or until further order of this Court, the parties shall take reasonable steps to preserve all documents within their possession, custody or control, including computer and electronically generated and stored information and materials such as computerized data and electronic mail, containing information that is relevant to or may lead to the discovery of information relevant to the subject matter of the pending litigation. Nothing in this paragraph is intended to change or otherwise modify the parties' obligations under the Federal Rules of Civil Procedure.

**CONFIDENTIALITY ORDER**

35. Within thirty (30) days of the entry of this Order, the parties shall submit, by motion or stipulation, an order addressing the confidentiality of materials produced during discovery. If, within thirty (30) days of the date of this Order, the parties cannot agree upon the terms of such proposed order addressing the confidentiality of materials produced during

discovery, within ten (10) days thereafter each party shall submit to the ~~United States Magistrate Judge~~ Court a proposed confidentiality order with a letter brief supporting their position with respect to those portions of the confidentiality order to which the parties cannot agree. Until this Court addresses any proposed confidentiality order, however, any documents produced by Defendants to Plaintiffs' Counsel shall be treated as highly confidential, attorneys eyes only, and shall not be disclosed to any persons other than counsel for the Plaintiffs and their staffs, including attorneys, paralegals, secretarial and clerical personnel, and experts, except where the prior consent of the producing Defendant's Counsel is obtained.

**FILING OF DOCUMENTS CONTAINING CONFIDENTIAL INFORMATION**

36. Until such time as this Court enters an order addressing the treatment of confidential documents or information in the Coordinated Actions, any document filed with the Clerk of this Court containing confidential information, or including as an attachment any confidential document, shall be filed under seal. Any document filed under seal pursuant to this paragraph shall be placed in a sealed envelope with a legend appearing on the outside of the envelope in bold and large type instructing the Clerk that the contents of the filed document are "CONFIDENTIAL" and that access to the filed document is forbidden without express written approval of this Court. After filing any document containing confidential material, the filing party may file with the Clerk a duplicate, unsealed copy of the document with the confidential materials redacted. This paragraph will be superseded by any subsequent order entered by the Court addressing the treatment of confidential documents produced during discovery in this action.

*No paper shall be filed under seal without prior consultation with the Court.*

## MODIFICATION

37.     Any party may, for good case shown, move for modification of any provision of this Order.


SO ORDERED:

DATED: _April 15, 2005_
        White Plains, NY

_Charles Brieant_
**UNITED STATES DISTRICT JUDGE**