# EXHIBIT 5

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
_____
                              )
VISTA HEALTHPLAN INC., et al., )
                              )
            Plaintiffs,       )
                              )  Civil Action No. 01-1295 (EGS)
        v.                    )
                              )
BRISTOL-MYERS SQUIBB CO., et al.,)
                              )
            Defendants.       )
_____)


_____
                              )
ONCOLOGY & RADIATION ASSOCS.,  )
et al.,                       )
                              )
            Plaintiffs,       )
                              )  Civil Action No. 01-2313 (EGS)
        v.                    )
                              )
BRISTOL-MYERS SQUIBB CO.,      )
                              )
            Defendant.        )
_____)
```

## CASE MANAGEMENT ORDER NO. 1

WHEREAS, two actions have been filed against defendant Bristol-Myers Squibb Company ("Bristol") in the United States District Court for the District of Columbia seeking to recover money damages allegedly sustained by direct and indirect purchasers of paclitaxel, a cancer drug which Bristol sells under the brand name Taxol; and

WHEREAS, counsel for plaintiffs Oncology & Radiation Associates, P.A. and Vista Healthplan, Inc. have conducted a meeting to discuss the efficient prosecution of these actions and consent to the provisions hereinafter set forth; and

WHEREAS, in order to promote judicial economy and avoid duplication, the Court finds that it would be appropriate to provide for coordination of the actions by direct purchasers ("Direct Purchasers") and consumer and/or third party payor purchasers (collectively "End-Payor Purchasers") of Taxol filed in or transferred to this District (the "Coordinated Actions") and for an organization of Plaintiffs' counsel to coordinate the efforts of counsel in these actions; and

WHEREAS, in the event that additional Direct and End-Payor or other cases are filed before this Court, issues of consolidation and master docket procedures will be addressed in a subsequent Case Management Order; Accordingly:

IT IS HEREBY ORDERED as follows:

## I.    **COORDINATION OF ACTIONS**

1. Any action now pending or hereafter filed in this Court, or transferred to this Court, which arises out of the same operative facts as alleged in the Coordinated Actions, will be coordinated for pretrial proceedings.

2

2. All counsel in these Coordinated Actions shall make best efforts to avoid duplication, inefficiency and inconvenience to the Court, the parties, counsel and witnesses.

## II.    ORGANIZATION OF PLAINTIFFS' COUNSEL

3. The Court designates the following firms to act on behalf of Direct Purchaser and End-Payor Purchaser Plaintiffs with responsibilities hereinafter described:

a. As Lead Counsel for the Direct Purchaser Cases: Cohen, Milstein, Hausfeld & Toll, P.L.L.C.

b. As Lead Counsel for the End-Payor Cases:  Hanzman & Criden, P.A.

c. As Liaison Counsel for the Direct Purchaser and End-Payor Cases:  Cohen, Milstein, Hausfeld & Toll, P.L.L.C.

4. Lead counsel shall have sole authority over the following matters on behalf of all Plaintiffs in their respective cases: (a) the establishment of working committees for the efficient prosecution of the litigation and the appointment of chair persons and members of such committees; (b) the initiation, response, scheduling, briefing and argument of all motions; (c) the scope, order and conduct of all discovery proceedings; (d) such work assignments to other Plaintiffs' counsel as they may deem appropriate; (e) the retention of experts; (f) designation

3

of which attorneys may appear at hearings and conferences with the Court; (g) the timing and substance of any settlement negotiations with Defendant; and (h) other matters concerning the prosecution or resolution of their respective cases.

5. No motion shall be initiated or filed on behalf of any Plaintiff in the Direct Purchaser or the End-Payor Purchaser Actions except through the respective Lead Counsel in those cases.

6. Lead Counsel shall have sole authority to communicate with Defendant's counsel and the Court on behalf of all Plaintiffs in their respective cases.

7. All Plaintiffs' counsel in the Direct and End-Payor Purchaser Actions shall keep contemporaneous time records and shall periodically submit summaries or other records of time and expense to Lead Counsel in their respective cases.

## III.   **ADMISSION OF ATTORNEYS**

8. Each attorney not a member of the Bar of this Court who is acting as counsel for a Plaintiff or Defendant herein and who is in good standing in any district court of the United States shall be deemed admitted *pro hac vice* to practice before this Court in connection with this action.

4

IV.     **DISCOVERY**

9. Plaintiffs shall establish a document depository at the
offices of Cohen, Milstein, Hausfeld & Toll, P.L.L.C. for the
efficient management of the documents produced in this
litigation.

10. All discovery obtained by any Plaintiff in these cases
may be shared with any other Plaintiff subject to the protective
order entered in Oncology & Radiation Associates, P.A. v.
Bristol-Myers Squibb Co., CA 1:01 cv 02313(EGS).  All discovery
obtained by Defendant in these cases shall be deemed discovered
in each of these cases.

11. Plaintiffs shall use their best efforts to coordinate
their discovery requests.  They shall confer before serving any
requests, and they shall use their best efforts to eliminate
duplicative or overlapping requests.

12. Counsel shall, to the extent possible, coordinate and
consolidate their requests for production and examination of
documents to eliminate duplicative requests from the same party.
No party shall request documents available to it at a document
depository or from its own Liaison Counsel.

13. Counsel shall, to the extent possible, combine their
interrogatories to any party into a single set of questions.  No
question shall be asked that has already been answered in

response to interrogatories filed by another party unless there is reason to believe that a different answer will be given.

14. To avoid duplicative depositions, all depositions shall be conducted by all interested parties, for all purposes, in all of the Direct Purchaser and End-Payor Cases. Notice of such depositions shall be given to all parties as provided in this Order. Pursuant to Rule 30(a)(2)(B), no witness may be deposed more than once without leave of Court.

**IT IS SO ORDERED.**


_____
**DATE**

_____
**EMMET G. SULLIVAN**
**UNITED STATES DISTRICT JUDGE**

Notice to:

Lawrence Kendall Satterfield, Esquire
Douglas Graham Thompson, Jr., Esquire
Finkelstein, Thompson & Loughran
1050 30th Street, N.W.
Washington, DC 20007

Bernard Persky, Esquire
12th Floor
Goodkind Labaton Rudoff & Sucharow
100 Park Avenue
New York, NY 10017

Michael E. Criden, Esquire
Kevin Love, Esquire
Hazman & Criden, P.A.
Commercebank Building
220 Alhambra Circle, Suite 400
Coral Gables, FL 33134

Marc Edelson, Esquire
Hoffman & Edelson
45 West Court Street
Doylestown, PA 18901

Michael B. Waitzkin, Esquire
John D. Kiser, Esquire
Matthew David Peterson, Esquire
William E. Holtz, Esquire
Foxkiser
750 17th Street, N.W., Suite 1100
Washington, DC 20006

Thomas Christopher Papson, Esquire
Lora A. Brzezynski, Esquire
Suite 100
McKenna & Cuneo, L.L.P.
1900 K Street, N.W.
Washington, DC 20006

Joseph F. Coyne, Jr., Esquire
Carlton A. Varner, Esquire
Andrea B. Hasegawa, Esquire
Sheppard, Mullin, Richter & Hampton, L.L.P.
333 South Hope Street, 48th Floor
Los Angeles, CA 90071

Brian A. Ratner, Esquire
Daniel Small, Esquire
Cohen, Milstein, Hausfeld & Toll, P.L.L.C.
1100 New York Avenue, N.W.
Suite 500
Washington, DC 20005

Jay B. Shapiro, Esquire
Matthew W. Buttrich, Esquire
Stearns Weaver Miller Weissler Alhadeff & Siherson P.A.
150 West Flagler Street, Museum Tower
Suite 2200
Miami, FL 33130